**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| **THOMAS CARPENTER,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )  Case No.: 8:19-cv-183 |
| | ) |
| **PLANTATION HOMEOWNERS, INC.,** | ) |
| | ) |
|     **Defendant.** | ) |
| _____/ | |

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, THOMAS CARPENTER (hereinafter "Plaintiff" or "Carpenter"), by and through the undersigned counsel and files his complaint against Defendant PLANTATION HOMEOWNERS, INC. (hereinafter "Defendant" or Plantation"), and states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages, pursuant to the Age Discrimination in Employment Act 29 U.S.C. §§ 621, et seq. (hereinafter the "ADEA").

2. This is an action brought pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, et seq. (the FLSA), seeking overtime wages, minimum wages, liquidated damages, declaratory relief, and attorney's fees and costs.

3. This action is to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination against Plaintiff because of his age leading to his unlawful termination.

1

## JURISDICTION AND VENUE

4. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the ADEA and the FLSA.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

6. Plaintiff, CARPENTER, is a citizen of the United States, and was at all times material, a citizen of the State of Florida residing in Hillsborough County.

7. Defendant, PLANTATION, is a Florida Not For Profit Corporation, with its principal place of business in Tampa, Florida.

8. Defendant is an employer as defined by the all laws under which this action is brought and employs the requisite number of employees, at least twenty (20).

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all statutory prerequisites to filing this action.

10. On or about May 21, 2018, Plaintiff dual-filed a claim with the Florida Commission on Human Relations (hereinafter the "FCHR") and the Equal Employment Opportunity Commission (hereinafter the "EEOC"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e), based on age and retaliation. (See copy of Charge of Discrimination, attached hereto and incorporated herein as Exhibit 1).

11. Plaintiff's EEOC charge was filed within three hundred (300) days after the alleged unlawful employment practices occurred.

12. On or about November 27, 2018 the EEOC issued to Plaintiff a Notice of Right to Sue. (See copy of Notice of Right to Sue, attached hereto and incorporated herein as Exhibit 2).

13. This complaint was filed within ninety (90) days Plaintiff's receipt of the EEOC's Right to Sue letter.

## FACTS

14. At all times material, Plaintiff worked for Defendant in Florida.

15. Plaintiff was employed by Defendant for approximately nine months.

16. At the time of his termination, Plaintiff held the position of Architectural Control Committee Coordinator.

17. While employed by Defendant, Plaintiff satisfactorily performed the job requirements of his position.

18. Plaintiff was a full-time employee who regularly worked, or exceeded, forty hours per week.

19. Plaintiff was sixty-five years old, at the time he was unlawfully terminated.

20. During his employment, Plaintiff was subjected to disparate treatment and discrimination on the base of his age.

21. Defendant further, failed to properly compensate Plaintiff for his hours worked as Defendant consistently required Plaintiff to work more than forty hours but only compensated Plaintiff for forty hours each week.

22. In May 2018, Plaintiff intended to retire, as such Plaintiff gave Defendant a one month notice of his intent to retire.

23. On May 2, 2018, immediately upon receipt of Plaintiff's notification of his intent to retire, Defendant unlawfully terminated him.

24. Upon information and belief, similarly situated younger employees were allowed to work through a notice period when they tendered their resignation.

25. Plaintiff has been damaged by Defendant's illegal conduct.

### Count 1: Age Discrimination in Violation of the ADEA

26. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-25, above.

27. At all times material, Defendant employed twenty (20) or more employees and qualified as an employer within the meaning of the ADEA.

28. Defendants engaged in intentional age discrimination in the terms and conditions of Plaintiff's employment, including, but not limited to, Plaintiff's termination.

29. Defendants' conduct violated the ADEA.

30. Plaintiff has satisfied all statutory prerequisites for filing this action.

31. Defendant's discriminatory conduct, in violation of ADEA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

32. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

33. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## **Count 2: Fair Labor Standards Act Violations**

33. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-25, above.

34. Plaintiff's employment provided for a forty (40) hour work week, but throughout his employment, Plaintiff was required to work and did work a substantial number of hours in excess of forty (40) hours per work week.

35. At all times material, Defendant failed to comply with the FLSA, as Plaintiff worked for Defendant in excess of the maximum hours provided by law, but no provision was made by Defendant to compensate Plaintiff at the rate of time and one-half for the excess hours worked.

36. Defendant's failure to pay Plaintiff the required overtime was intentional and willful.

37. As the direct and legal consequence of Defendant's unlawful acts, Plaintiff has suffered damages and has incurred, or will incur, costs and attorneys' fees.

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a)  Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, liquidated damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b)  Grant Plaintiff his costs and an award of reasonable attorneys' fees (including expert fees); and

c)  Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:
*/s/ Gary Martoccio*
Gary J. Martoccio, Esq.
Florida Bar No.: 99040
**Spielberger Law Group**
202 S. Hoover Blvd.
Tampa, Florida 33609
T: (800) 965-1570 106
F: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*

# EXHIBIT 1

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA  [X] EEOC | |

Florida Commission On Human Relations _____ and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Thomas Carpenter | (813) 333-3691 | 10/23/52 |

Street Address | City, State and ZIP Code

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| The Plantation Homeowners, Inc. | 20+ | 813-969-3991 |

| Street Address | City, State and ZIP Code |
|---|---|
| 11380 Brookgreen Drive | Tampa, FL 33624 |

DISCRIMINATION BASED ON (Check appropriate box(es).)

[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [X] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest _____ Latest _____

[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**Statement of Harm:** I provided Plantation Homeowners, Inc. ("Plantation") with notice that he was retiring in the near future. Shortly after providing Management with this notice, Plantation abruptly terminated my employment. Other similarly situated employees have been permitted to work through a notice period when providing notice of leaving Plantation for reasons unrelated to retirement.

**Statement of Discrimination:** I believe I have been discriminated against because of age in violation of the Age Discrimination in Employment Act (ADEA) of 1967.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

5/21/2018  *Thomas Carpenter*
Date    Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

# EXHIBIT 2

EEOC Form 161-B (11/16) **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: Thomas Carpenter<br>11380 Brookgreen Dr.<br>Tampa, FL 33624 | From: Tampa Field Office<br>501 East Polk Street<br>Room 1000<br>Tampa, FL 33602 |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 511-2018-03614 | Nelson Borges,<br>Federal EEO Investigator | (813) 202-7912 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☐ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Evangeline Hawthorne*  **NOV 28 2018**

Enclosures(s)   **Evangeline Hawthorne,**   *(Date Mailed)*
                **Director**

cc: Viktoryia Johnson            Gary Martoccio
    Attorney                     SPIELBERGER LAW GROUP
    101 E. Kennedy Blvd.         202 S. Hoover Blvd.
    Suite 900                    Tampa, FL 33609
    Tampa, FL 33602

Enclosure with EEOC
Form 161-B (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*