UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS CARPENTER,

      Plaintiff,

v.                                        Case No.  8:19-cv-183-T-24 AAS

PLANTATION HOMEOWNERS, INC.,

      Defendant.

_____/

## ORDER

This cause comes before the Court on the parties' Joint Motion for *In Camera* Review of their Settlement Agreement. (Doc. No. 23). This case includes a claim under the Fair Labor Standards Act ("FLSA"), and the Eleventh Circuit requires judicial review of a proposed settlement of an FLSA claim that is not supervised by the Secretary of Labor. See Lynn's Food Stores, Inc. v. U.S. By and Through U.S. Dept. of Labor, Employment Standards Admin., Wage and Hour Div., 679 F.2d 1350, 1352–53 (11th Cir. 1982). The parties ask the Court to review their settlement agreement *in camera* in order to keep the settlement terms confidential.

Providing the settlement agreement to the Court for *in camera* review has the same effect as asking the Court to allow them to file their settlement agreement under seal---both options prevent the public from learning the terms of the settlement. This Court's Local Rules provides the following:

> No settlement agreement shall be sealed absent extraordinary circumstances, such as the preservation of national security, protection of trade secrets or other valuable proprietary information, protection of especially vulnerable persons including minors or

persons with disabilities, or protection of nonparties without either
the opportunity or ability to protect themselves.

M.D. Fla. Local Rule 1.09(a).  The parties' desire to keep their settlement agreement confidential

is not the type of extraordinary circumstance that justifies interfering with the public's right of

access to judicial proceedings.  See Zabala v. Mattress Firm, Inc., 2019 WL 2551675 (M.D. Fla.

Jan. 16, 2019); Maple v. Cricket Wireless, Inc., 2015 WL 12820677 (M.D. Fla. Sept. 11, 2015).

Accordingly, the Court denies the parties' motion for *in camera* review.

 This case was dismissed without prejudice on September 3, 2019 when the parties filed a

Notice of Settlement.  (Doc. No. 20, 21).  The parties may now either: (1) file their settlement on

the record for judicial review by ***November 22, 2019***; or (2) do nothing, the dismissal without

prejudice will stand, and the parties' settlement will not be enforceable by the courts.  See

Maple, 2015 WL 12820677, at *1.

 DONE AND ORDERED at Tampa, Florida, this 14th day of November, 2019.


SUSAN C. BUCKLEW
United States District Judge


Copies to:
Counsel of Record