<span style="color:red">**EXHIBIT A**</span>

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:19-cv-183

THOMAS CARPENTER

    Plaintiff,

v.

PLANTATION HOMEOWNERS, INC.

    Defendant.
_____/

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made between Thomas Carpenter ("Plaintiff") and Plantation Homeowners, Inc. ("Defendant"). Plaintiff and Defendant are referred to collectively herein as "the Parties." The Parties hereby agree as follows:

1. **Claims.** Plaintiff filed a Complaint in the United States District Court for the Middle District of Florida, alleging age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") and allegedly unpaid wages under the Fair Labor Standards Act ("FLSA"). The Parties disagree as to whether or not Plaintiff has any viable claim, but after exchanging discovery and discussing the merits of the case, were able to reach a settlement. The Parties desire to fully and finally resolve this litigation. As part of this settlement, Plaintiff shall seek dismissal of his entire lawsuit with prejudice.

2. **No Admission of Liability.** This Agreement does not constitute an admission by Defendant of violation of any law or statute and the Parties agree that neither this Agreement nor the furnishing of consideration shall be deemed or construed for any purpose as evidence or admission of liability or wrongful conduct of any kind by Defendant.

3. **Monetary Consideration.** Within ten business (10) days after Defendant receives this executed settlement agreement from Plaintiff, expiration of the revocation period and the Court approves this settlement and dismisses this action with prejudice, Defendant agrees to mail Plaintiff's counsel four checks as follows:

(a) One settlement check in the gross amount of $500.00, less applicable withholdings, in settlement of Plaintiff's claim for alleged back wages;

(b) One settlement check in the amount of $500.00, in settlement of Plaintiff's claim for alleged liquidated damages under the FLSA, for which a 1099 will be issued to Plaintiff;

(c) One settlement check in the amount of $2,000.00, in settlement of Plaintiff's claim under the ADEA and consideration for the additional terms within this Agreement for which a 1099 will be issued to Plaintiff;

(d) One check made payable to Spielberger Law Group, for attorneys' fees and costs, in the amount of $2,000.00, for which a 1099 will be issued to Spielberger Law Group.

The Parties agree that the portions of the settlement sum attributable to attorneys' fees and costs was negotiated separately from and without regard to the amounts Plaintiff sought for compensation under the FLSA.

By accepting the above-referenced sums, Plaintiff acknowledges and agrees that he has now been paid for all hours worked and all alleged overtime hours worked during his employment with Defendant and agrees that Defendant does not owe him any other monies with regard to compensation associated with hours worked or for any other reason. Plaintiff further acknowledges and agrees that he has been paid all wages (including overtime compensation) due to him from Defendant for any reason. Finally, Plaintiff specifically agrees that the above payment represents full compensation for the FLSA claims asserted in his lawsuit and any claim Plaintiff may have had under the FLSA is now moot.

4.   **Waiver and Release of FLSA Claims.** Plaintiff hereby releases, on his own behalf and on behalf of anyone who could claim by or through him, Defendant, its predecessors and successors in interest, assignees, parents, subsidiaries, divisions and related companies and entities, and their past, present and future shareholders, board members, officers, directors, agents, attorneys, employees, insurers, employee leasing companies and representatives in their individual and official capacities, and their heirs, and legal representatives and predecessors and successors in interest and assigns, in their individual and official capacities, and its heirs and legal representatives (the "Releasees"), of and from, any and all claims under the FLSA or any other wage-related statute arising out of Plaintiff's employment with Defendant.

5.   **General Release of non-FLSA Claims.** Plaintiff hereby remises, acquits, releases, satisfies and discharges on Plaintiff's own behalf and on behalf of anyone who could claim by or through Plaintiff, Defendant and the Releasees of and from, any and all claims and demands, past, present or future, known or unknown, and all manner of action and actions, causes of action, suits, administrative proceedings, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, torts, trespasses, damages, judgments, executions, warranties, claims and demands whatsoever, in law or in equity, which Plaintiff and his heirs, executors, administrators, agents, distributees, beneficiaries, successors in interest and assignees, ever had or now have or in the future may have, by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of the execution of this Agreement, including, but not limited to, any and all claims for salary, wages, compensation, monetary relief, employment, benefits, including but not limited to any claims for benefits under, or contribution to, any employee benefit, profit-sharing or retirement plan bonuses, merit and longevity increases, commissions, relocation expenses, and all other benefits of all kind, earnings, back pay, front pay, compensatory damages, punitive damages, damage to character,

damage to reputation, liquidated and other damages, emotional distress, mental anguish, depression, injury, impairment in locating employment, financial loss, pain and suffering, injunctive and declaratory relief, interest, attorneys' fees and costs, specifically including any and all claims growing out of, resulting from, or connected in any way to Plaintiff's employment with Defendant and/or the separation thereof, including any and all claims for discrimination, including but not limited to discrimination on the basis of race, national origin, citizenship, color, religion, sexual orientation, marital status, handicap or disability, age, sex, harassment of any kind, including sexual harassment, retaliation, whistle blowing, breach of contract, rescission, promises, claims under the Employee Retirement Income Security Act of 1974 [29 U.S.C. Sections 1001-1461], as amended, torts of all kinds, including but not limited to misrepresentation, negligent or otherwise, fraud, defamation, slander, libel, duress, fraudulent inducement, worker's compensation retaliation, interference with an advantageous business relationship, negligent employment, including negligent hiring, negligent retention and negligent supervision, claims or rights under state and federal whistleblower legislation including Section 448.101-448.105, Fla. Stats., as amended, the Consolidated Omnibus Budget Reconciliation Act of 1985 [Pub. L. 99-509], as amended ("COBRA"), the Sarbanes-Oxley Act of 2002 [Public Law 107-204, 116 Stat. 745] ("S-OA"), the Health Insurance Portability and Accountability Act of 1996, as amended ("HIPAA"), the Florida Health Insurance Coverage Continuation Act, as amended ("FHICCA"), the Family and Medical Leave Act [29 U.S.C. Sections 2601-2654], as amended ("FMLA"), the Congressional Accountability Act of 1995 [2 U.S.C. Sections 1311-1317], as amended, the Americans with Disabilities Act [42 U.S.C. Sections 12101-12213], as amended ("ADA"), the Rehabilitation Act of 1973 [29 U.S.C. Section 791, et. seq.], as amended, [the Age Discrimination in Employment Act [29 U.S.C. Section 623 et. seq.], as amended ("ADEA"),] the Employee Polygraph Protection Act of 1988 [29 U.S.C. Sections 2001 et. seq.], as amended ("PPA"), the Internal Revenue Code [Title 26, U.S.C.], as amended ("IRC"), [the Older Workers Benefit Protection Act [29 U.S.C. Sections 621-630], as amended ("OWBPA"),] the Equal Pay Act [29 U.S.C. Section 206(d)], as amended ("EPA"), Title VII of the Civil Rights Act of 1964 [42 U.S.C. Sections 2000e-2000e-17], as amended ("CRA"), the Florida Civil Rights Act of 1992 [Sections 760.01-760.11, Fla. Stats.], as amended ("FCRA"), , as amended, Title IX of the Education Amendments of 1972 [20 U.S.C. Sections 1681 et. seq.], as amended, the Federal False Claims Act [18 U.S.C. Sections 287, et seq.], as amended ("FFCA"), the Program Fraud Civil Remedies Act [38 C.F.R. 42.1, et seq.], as amended ("PFCRA"), the Fair Credit Reporting Act, as amended ("FCRA"), the Uniformed Services Employment and Reemployment Rights Act of 1994 [38 U.S.C. Sections 4301-4333], as amended ("USERRA"), the National Labor Relations Act [29 U.S.C. Sections 151-169], as amended ("NLRA"), the Worker Adjustment and Retraining Notification Act [29 U.S.C. Sections 2101 et seq.], as amended ("WARN"), the Occupational Safety and Health Act [29 U.S.C. Sections 651-678], as amended ("OSHA"), and any other claim which can be lawfully released of any kind. In addition, Plaintiff specifically waives any rights of action and administrative and judicial relief which he might otherwise have available in the state and federal courts, including all common law claims and claims under federal and state constitutions, statutes and regulations and federal executive orders and county and municipal ordinances and regulations.

Plaintiff promises never to file, participate in or prosecute a lawsuit asserting any claims that are released by this Agreement. Plaintiff further agrees not to voluntarily participate in any employment related lawsuit brought by any other employee or former employee against the

Releasees. Nothing in this Agreement shall be construed to prohibit Plaintiff from (1) filing a charge or complaint with the EEOC, NLRB, or any governmental agency, or (2) participating in any investigation or proceeding conducted by the EEOC, NLRB, or any governmental agency. If Plaintiff files a charge with the EEOC, NLRB, or any governmental agency, or if one is filed on Plaintiff's behalf, he forever waives and relinquishes his rights to recover damages resulting from any such charge Plaintiff may file or that may be filed by any person or agency on Plaintiff's behalf.

6. **Settlement Approval and Dismissal.** The Parties will request that the Court review and approve this Agreement and that the Court dismiss with prejudice the above-styled lawsuit. If the Court rejects this Agreement, the parties shall diligently work together to draft an Agreement that is approved by the Court. In the event the above-numbered and titled lawsuit is not dismissed with prejudice after the parties have reasonably exhausted efforts to seek Court approval, this Agreement shall become null and void.

7. **Tax Payment.** Plaintiff shall pay any and all taxes that may be due as a result of the settlement payments except for applicable withholdings associated with check "a" which is for back wages. Plaintiff agrees and affirms that he is not relying on any representation made by Defendant concerning whether or not the payment(s) is taxable as wages, as income, or otherwise, or concerning the amount of taxes that she may be required to pay as a result of the payment(s). Plaintiff agrees that he will not be entitled to any additional consideration under this Agreement as a result of any assessment of, or liability for, taxes as a result of the payment(s). Moreover, Plaintiff agrees to indemnify Defendant and hold it harmless from any interest, taxes or penalties assessed against it by any governmental agency as a result of the non-payment of taxes on any amounts paid to Plaintiff under the terms of this Agreement.

8. **Confidentiality and Non-Disclosure.** Other than disclosure as permitted by law in regards to Plaintiff's FLSA claim or in order to seek Court approval of this Agreement, Plaintiff agrees not to disclose the fact, amount or terms of this Agreement to anyone, including, without limitation, any representative of any Internet site, Blog site, print, radio or television media, or to the public at large, the only exceptions to this Paragraph being disclosure as necessary to Plaintiff's attorney, tax preparer and/or financial advisors, any taxation authorities of any government, or pursuant to court order or subpoena or as required by law. Plaintiff agrees to immediately notify Defendant' attorney Todd S. Aidman, upon receipt of such a court order or subpoena. Should Plaintiff disclose information about this Agreement to his attorney, tax preparer and/or financial advisors, he shall advise such persons that they must maintain the strict confidentiality of such information and must not disclose it unless otherwise required by law, and Plaintiff shall be responsible for any improper disclosure by such persons. If Plaintiff is asked about any claims waived in this Agreement, Plaintiff will respond by saying only, "The matter has been resolved."

9. **Non-Disparagement.** Other than statements as permitted by law in regards to Plaintiff's FLSA claim or in order to seek Court approval of this Agreement, Plaintiff agrees that he will not make any negative or disparaging remarks, whether orally or in writing (including social media), about any of the Releasees. The obligation of Plaintiff under this paragraph includes, but is not limited to, refraining from making any disparaging, degrading or demeaning remarks or casting any aspersions on Releasees which might have a harmful effect on their reputation.

Nothing in this paragraph is meant to prohibit Plaintiff from providing truthful testimony or documents via subpoena, court order, or any other legal process, or from responding truthfully to inquiries from a governmental agency.

10. **No Right to Rehire.** Plaintiff affirms that he does not seek and hereby waives employment, reinstatement or reemployment with Defendant or any of the Releasees, on any basis, at any time after his execution of this Agreement. Plaintiff further agrees that if he violates this provision, Defendant or any of the Releasees will have the complete and unfettered right to reject his application for employment immediately and summarily or if he is inadvertently hired, to terminate his employment immediately. The Parties agree this provision shall not be deemed evidence of any retaliation by Defendant and is simply a material term of this Settlement Agreement.

11. **Transfer of Claims.** Plaintiff represents and warrants that Plaintiff has not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association or entity whatsoever, any released claim. Plaintiff agrees to indemnify and hold Defendant harmless against, without any limitation, any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, court costs, expenses (including attorneys' fees), causes of action or judgments based on or arising out of any such assignment or transfer. Plaintiff further warrants that there is nothing that would prohibit Plaintiff from entering into this Agreement.

12. **Binding Effect.** This Agreement is to be construed and governed under the laws of the State of Florida and shall bind the Parties and their respective heirs, estates, successors and assigns. If the Court in the above-styled lawsuit fails to approve the Agreement, Plaintiff agrees to expeditiously work with Defendants on drafting an agreement acceptable to both parties and the Court.

13. **Plaintiff is Not Prevailing Party.** Plaintiff shall not be considered a prevailing party for any purpose.

14. **Breach.** The parties hereto acknowledge that any breach of this Agreement shall entitle the non-breaching party not only to damages, but also to injunctive relief to enjoin the actions of the breaching party, as well as costs, including fees of its attorneys, paralegals and legal assistants. The prevailing party in any such action shall be entitled to attorneys' fees and costs.

15. **Modification of Agreement.** Any uncertainty or ambiguity shall not be construed for or against any other party based on attribution of drafting to any party. Furthermore, this Agreement shall not be subject to modification or amendment by an oral representation, or any other written statement by either party, except for a dated written amendment to the Agreement signed by Plaintiff and an authorized representative of Defendant.

16. **Severability.** The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect. If any portion of this Agreement is found invalid, the parties agree to enter into new provisions that are not invalid.

17. **Headings.** The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

18. **Jurisdiction and Venue.** The Parties hereto acknowledge that the Agreement is enforceable in the state courts of Florida. Plaintiff and Defendant hereby waive any pleas of jurisdiction or venue as not being a resident of Hillsborough County, Florida, and hereby specifically authorize any action brought upon the enforcement of the Agreement to be commenced or filed in Hillsborough County, Florida. The Parties hereby expressly waive any and all right to a trial by jury with respect to any action, proceeding or other litigation resulting from or involving the enforcement of the Agreement or any other action related to Plaintiff's alleged employment with Defendant.

19. **Compliance with the Older Workers Benefits Protection Act.** Plaintiff is over 40 years old, and because Plaintiff is waiving in this Agreement claims for age discrimination, pursuant to the provisions of the Older Workers Benefit Protection Act, Plaintiff is advised of and expressly acknowledges the following:

(a) Plaintiff understands the language of this Agreement, and any questions Plaintiff may have had during review of the Agreement were explained to Plaintiff's satisfaction and understanding;

(b) Plaintiff understands that the waiver and release contained in this Agreement specifically includes a waiver of all rights and claims Plaintiff has or may have under the Age Discrimination in Employment Act, 29 U.S.C. § 626 et seq., and any other federal, state, or municipal law or regulation relating to age discrimination;

(c) Plaintiff understands that Plaintiff is not waiving any rights or claims that may arise after the date this Agreement is executed;

(d) The terms of the Agreement provide consideration to Plaintiff which Plaintiff would not otherwise be entitled;

(e) Plaintiff has been advised and is again advised herein to consult with an attorney and/or other professional of Plaintiff's own choosing and has consulted with or had the opportunity to consult with legal counsel and other persons of Plaintiff's own choosing regarding this matter prior to the execution of this Agreement;

(f) Plaintiff has a reasonable time period up to twenty-one (21) days from receipt of this document to seek the advice and counsel of any professional of Plaintiff's choosing prior to accepting the terms of and signing this Agreement. Plaintiff may accept and sign this Agreement before expiration of the twenty-one (21) day time period, but Plaintiff is not required to do so by Defendant; and,

(g) After signing this Agreement, Plaintiff may revoke Plaintiff's acceptance within seven (7) days by providing written notice of revocation to Todd S Aidman, Ford Harrison LLP, 101 East Kennedy, Suite 900, Tampa, Florida 33602. This Agreement will become effective on the eighth (8th) business day following its signature by Plaintiff e (the "Effective Date"), it

being recognized that Defendant has no obligation to make any payment hereunder until this Agreement becomes effective in accordance with this provision notwithstanding any language contained herein to the contrary.

I HAVE READ THE FOREGOING SETTLEMENT AGREEMENT AND FULLY UNDERSTAND AND VOLUNTARILY AGREE TO BE LEGALLY BOUND BY THIS AGREEMENT.

_/s/ Thomas Carpenter_
THOMAS CARPENTER

Date: 11/6/2019

PLANTATION HOMEOWNERS, INC.

By: _/s/ Marcial Rivera_   Date: 11-22-2019

Its: MARCIAL RIVERA
     President

WSACTIVELLP:10907994.1